1

2

3

4

5

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

6  YIM YORN,                                          CASE NO. 1:11-CV-00702-LJO-DLB PC

7              Plaintiff,                             ORDER DISMISSING ACTION FOR
                                                      FAILURE TO OBEY COURT ORDER
8       v.
                                                      (DOC. 4)
9  SIX UNKNOWN NAMES AGENTS, et al.,

10             Defendants.

11  _____ /

12      Plaintiff Yim Yorn ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights

13  action.  On July 7, 2011, the Magistrate Judge assigned to this action issued an order striking

14  Plaintiff's complaint as unsigned.  Plaintiff was ordered to submit a signed complaint within ten

15  days.  Plaintiff was warned that failure to comply would result in dismissal of this action.  As of

16  the date of this order, Plaintiff has not responded or otherwise complied.

17      Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

18  Rules or with any order of the Court may be grounds for the imposition by the Court of any and

19  all sanctions . . . within the inherent power of the Court."  District courts have the inherent power

20  to control their dockets and "in the exercise of that power, they may impose sanctions including,

21  where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th

22  Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

23  an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.. Ghazali v.*

24  *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

25  *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

26  order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

27  1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

28  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal

1

1   for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

2   1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

3        In determining whether to dismiss an action for lack of prosecution, failure to obey a

4   court order, or failure to comply with local rules, the court must consider several factors: (1) the

5   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

6   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

7   their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;

8   *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;

9   *Ghazali*, 46 F.3d at 53.

10        In the instant case, the court finds that the public's interest in expeditiously resolving this

11   litigation and the court's interest in managing the docket weigh in favor of dismissal.  On July 7,

12   2011, Plaintiff was ordered to file a signed complaint, but failed to do so.  The third factor, risk

13   of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises

14   from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542

15   F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on

16   their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,

17   a court's warning to a party that his failure to obey the court's order will result in dismissal

18   satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833

19   F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated: "Failure to

20   [file a signed complaint] in a timely manner will result in dismissal of this action."  Thus,

21   plaintiff had adequate warning that dismissal would result from his noncompliance with the

22   court's order.

23        Accordingly, it is HEREBY ORDERED that this action is DISMISSED for failure to

24   obey a court order.

25   IT IS SO ORDERED.

26   **Dated:    August 4, 2011**             **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE

27

28